IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| DAVID D. ERCOLI JR., | ) | CASE NO.1:18-CV-02798-JG |
| | ) | |
| Plaintiff, | ) | JUDGEJAMES GWIN |
| | ) | United States Magistrate Judge |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN LYNEAL WAINWRIGHT, | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| | ) | REPORT & RECOMMENDATION |
| Defendant, | ) | |

**Introduction**

Before me by referral[1] is the *pro se* petition of David D. Ercoli, Jr. for a writ of habeas corpus under 28 U.S.C. §2254.[2] Ercoli is incarcerated by the State of Ohio at the Grafton Correctional Institution in Grafton, Ohio.[3] He is serving a sentence of 14 years in prison imposed in 2016 by the Cuyahoga County Court of Common Pleas after Ercoli was convicted at a jury trial of multiple charges arising from robberies at two Cleveland McDonald's drive-thrus.[4] In his

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge James S. Gwin in a non-document order entered on December 18, 2018.

[2] ECF No. 1.

[3] The location of incarceration was confirmed as of the date this Report and Recommendation was submitted (http://drc.ohio.gov/offendersearch)  and is different from the institution listed on the petition, ECF No. 1 at 1.

[4] ECF No. 11, Attachment at 45-49.

petition, Ercoli raises 18 grounds for relief.[5] The State, in its 56-page return of the writ, argues that the petition should be dismissed in part for non-cognizable and procedurally defaulted claims, while  the remainder of the petition should be denied on the merits.[6] Ercoli has filed a 19-page traverse where he contends that he is innocent because no direct evidence connects him with the crimes and because the case against him was "fabricated."[7]

In the petition, Ercoli stated that Grounds 10-18 were still pending before the Ohio appeals court at the time of filing[8] and that he "will file a motion for stay and abeyance to allow the remaining grounds (10-18) to be exhausted."[9] A review of this Court's docket sheet discloses that no such motion has been filed. However, a review of the docket Ohio's appellate and supreme court,[10] as well as the record filed by the State,[11] discloses that the court adjudicated these issues in a decision issued on January 10, 2019,[12] from which no appeal was sought in the Supreme Court of Ohio. Further to that point, Grounds 10-18 were "conceded" by Ercoli in his Traverse, which was filed March 23, 2019.[13] In addition, Ercoli in his Traverse also "conceds[s]" his claim in Ground Seven.[14]

Accordingly, this Report and Recommendation addresses the remaining outstanding eight claims for relief.[15] In that regard, I will recommend dismissing Grounds Two and Nine as non-

---

[5] ECF No. 1, Supplement 1-10.
[6] ECF No. 11 at 16-55.
[7] ECF No. 14 at 1.
[8] ECF No. 1 at 13.
[9] *Id*. at 16.
[10] http://supremecourt.ohio.gov/ROD
[11] ECF No. 11, Attachment at 375.
[12] *State v. Ercoli*, 2019-Ohio-100.
[13] ECF No. 14.
[14] *Id*. at 13.
[15] Grounds One, Two, Three, Four, Five, Six, Eight and Nine.

cognizable, dismissing Grounds Three through Six and Ground Eight as procedurally defaulted and denying Ground One on the merits.

**Facts**

Background facts, trial and sentence

The relevant background facts as found by the Ohio appeals court[16] are simply stated.

On December 13, 2015, a car pulled into the drive-thru of a Cleveland McDonald's restaurant and the driver placed an order. The driver then pulled around to the pickup window and got out of his car, claiming his window wasn't working. He pointed a gun at the restaurant employee, Mikki Jeffreys, and handed her a note demanding all the 5s, 10s and 20s from her cash drawer. Jeffreys complied and then called police giving them a description of the suspect. She was later able to pick Ercoli out of a photo array and still later testified at trial that Ercoli was the man who robbed the McDonald's. Moreover, the McDonald's manager was also able to recognize Ercoli from the surveillance video as a frequent customer.

Another similar event at a nearby McDonald's followed shortly after, with the restaurant employee, Regina Robinson, testifying that the would-be robber also placed an order, then got out his car and approached the pickup window with a gun and a note. Here, however, Robinson immediately ran from the window, such that she could not identify the suspect. But the store owner in this instance, in reviewing the video surveillance, was able to observe the suspect driving a silver car, holding a gun.

---

[16] Facts found by the state appeals court in its review of the record are presumed correct by the federal habeas court. 28 U.S.C. §2254(e)(1).

When news of these events, including the surveillance videos, was broadcast, Michael Pisano, the owner of Diversified Automotive, a used car lot in a nearby Cleveland neighborhood, recognized the car – a silver 2007 Sonata - as one that was on his lot. After checking the lot, he discovered the car wasn't there.

Diversified utilized Discount Autobody, a nearby repair shop, to prepare cars for sale. Ercoli worked at Discount. After checking paperwork, Mike McKay, the owner of Discount Autobody, discovered that the Sonata in question had been worked on at Discount, but then was purportedly returned to Diversified. That said, McKay then observed the Sonata in a parking lot near Discount's lot. He did not seek to move the car but removed the special dealership plates from the Sonata. He mentioned all this to Ercoli, who had worked at Discount for over a year and was, at that time, not suspected of anything.

But, about an hour after this occurred, McKay noticed that the Sonata had been moved. McKay, now having become suspicious of Ercoli, drove past Ercoli's house that evening and spotted the Sonata parked on a nearby street. The next morning, McKay waited near where the Sonata was parked and saw Ercoli enter the car, drive to a location near Discount, and walk to work. Then McKay's son, who also worked at the dealership, located the Sonata, verified that it belonged to Diversified, and had the car towed back to Discount, where Pisano claimed the car. McKay confronted Ercoli and fired him.

Police who had been investigating the McDonald's robberies had noticed that the car in the video surveillance had a "special" or dealer license plate. After Ercoli was arrested, Ercoli told the police that he had used the 2007 Sonata, but claimed he had permission to do so.[17]

---

[17] ECF No. 11, Attachment at 45-49.

In January 2016, Ercoli was indicted on 10 counts arising from these events, including charges of aggravated robbery, kidnapping, theft, carrying a concealed weapon improperly handling a firearm in a motor vehicle and receiving stolen property, with five counts carrying firearm specifications.[18]After Ercoli pled not guilty,[19] the State dismissed the kidnapping charges.[20]The case proceeded to a jury trial.

Following the State's case in chief, and in response to Ercoli's Rule 29 motion, the State moved to dismiss the firearm specification attached to the receiving stolen property charge and the court granted the acquittal motion as to the two charges of carrying a concealed weapon and the firearm specification as to receiving stolen property.[21]On April 25, 2016, the jury then convicted Ercoli of two counts of aggravated robbery with a firearm specification, one count of theft, two counts of improperly handling a firearm in a motor vehicle and receiving stolen property.[22]Prior to sentencing, the court permitted defense counsel to withdraw and appointed a public defender to represent Ercoli at sentencing.[23] Further, also prior to sentencing, Ercoli, *pro se*, drafted a motion for a new trial,[24] which was submitted by his newly appointed counsel[25] and which motion was denied as untimely.[26]On May 25, 2016, Ercoli was sentenced to an aggregate term of 14 years in prison.[27]

---

[18] *Id*. at 1.

[19] *Id*. at 7.

[20] *Id*. at 9.

[21] *Id*. at 8.

[22] *Id*. at 9.

[23] See, *id*. at 26.

[24] *Id*. at 12.

[25] See, *id*. at 26.

[26] *Id*. at 13.

[27] *Id*. at 10-11.

<u>Direct appeal</u>

*Ohio appeals court*

On June 8, 2016, Ercoli, through newly appointed appellate counsel, timely[28] filed a notice of appeal.[29] In his brief, Ercoli raised the following two assignments of error:

1.      The trial court erred in entering judgment of conviction that was not supported by sufficient evidence.

2.      The trial court erred in entering judgment of conviction that was against the manifest weight of the evidence.[30]

The State filed a brief in opposition.[31] On June 29, 2017, the Ohio appellate court overruled Ercoli's assignment of error, affirming the judgment of the trial court.[32]

*Supreme Court of Ohio*

On August 10, 2017, Ercoli, *pro se*, timely filed[33] a notice of appeal in the Supreme Court of Ohio.[34] In his memorandum is support of jurisdiction, Ercoli set forth the following propositions of law:

---

[28] To be timely, a notice of appeal must be filed within 30 days of the entry of judgment in the trial court. Ohio App. R. 4(A).

[29] ECF No. 11, Attachment at 15.

[30] *Id*. at 18.

[31] *Id*. at 30.

[32] *Id*. at 43.

[33] To be timely, a notice of appeal must be filed in the Ohio Supreme Court within 45 days of the appellate judgment for which review is sought. Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i).

[34] ECF No. 11, Attachment at 56.

1.      Court erred in entering judgment of conviction that was not supported by sufficient evidence on improper handling of a firearm in a motor vehicle, and gun specifications on aggravated robbery.

2.      Court erred in entering judgment of conviction that was against the manifest weight of the evidence. State failed to prove the identity of the robber.[35]

The record does not indicate that the State filed a responsive brief. On December 6, 2017, the Supreme Court of Ohio declined to accept jurisdiction, dismissing the appeal.[36]

Rule 26(B) application to re-open the appeal

On September 21, 2017, while the direct appeal was still pending before the Supreme Court of Ohio, Ercoli, *pro se*, filed an application with the Ohio appeals court under Ohio Appellate Rule 26(B) to re-open his appeal.[37]In the application argued that he was denied the effective assistance of appellate counsel because counsel failed in the following manner:

1.      Appellant's due process rights, and the right to effective assistance of appellate counsel, was [*sic*] violated when appellate counsel failed to secure a complete and adequate record of trial proceedings.

2.      Ineffective assistance of appellate counsel for failure to argue ineffective assistance of trial counsel when defendant's due process rights were violated at trial.

---

[35] *Id*. at 58.
[36] *Id*. at 81.
[37] *Id*. at 82.

3.      Ineffective assistance of appellate counsel for failure to argue ineffective assistance of trial counsel or abuse of discretion by trial court when the confrontation clause was violated twice.

4.      Appellate counsel and trial counsel erred in failing to argue the violations of Ohio Constitution Art. 1, §§ 1, 10 and 5th Amendment to the Constitution in allowing the defendant to testify against himself.

5.      Appellate counsel failed to argue abuse of discretion regarding trial court overruling defendant's motion for a new trial based on new evidence.

6.      Appellate counsel was ineffective for failure to file a brief that does not violate rule of appellate procedure.[38]

The State filed a brief in opposition,[39] to which Ercoli replied.[40] On April 6, 2018, the Ohio appeals court denied Ercoli's application to re-open, finding first that the application was not in compliance with Ohio Appellate Rule 26(B)(2)(d), and further finding that there was no merit in any of Ercoli's six assignments of error, since Ercoli had failed to "satisfy either prong of the *Strickland* test," and also failed to "demonstrate a 'genuine issue as whether [he] was deprived of the effective assistance of counsel on appeal.'"[41]

---

[38] *Id*.
[39] *Id*. at 95.
[40] *Id.* at 106.
[41] *Id*. at 114-23.

On May 14, 2018, Ercoli, *pro se*, filed a timely notice of appeal with the Supreme Court of Ohio.[42] In the memorandum in support of jurisdiction, Ercoli set forth the following propositions of law:

1.      Appellant's right to due process, right to appeal and right to effective counsel were violated when a complete and accurate trial transcript was not obtained by counsel.

2.      Appellant received ineffective assistance of appellate counsel and trial counsel for failures to challenge video & identification evidence violating due process.

3.      Appellant received ineffective assistance of trial/appellate counsel for allowing abuse of discretion by trial court regarding Sixth Amendment confrontation clause & cross examination.

4.      Appellant's trial/appellate counsel were ineffective when allowing appellant to be a witness against himself violating the 5th Amendment and Article 1, §10 of the Ohio Constitution.

5.      Appellant received ineffective assistance of appellate counsel for failure to argue abuse of discretion and judicial vindictiveness for overruling motion for a new trial (new evidence).

6.      Appellant's appellate counsel was ineffective for failure to file a brief that does not violate the rules of appellate procedure & denying him transcripts.

7.      The 8th District violated appellant's right to go pro se & rules of appellate procedure when denying appellant's motion to supplement an incomplete record.

---

[42] *Id*. at 124.

8.      Appellant received ineffective [assistance of] appellate/trial counsel when failure to challenge the illegal & unconstitutional warrant and arrest occurred. [43]

The record does not show that the State filed a responsive brief. The Supreme Court of Ohio, *sua sponte*, ordered pages 16-22 [propositions of law six through eight] of Ercoli's brief stricken for failure to comply with Supreme Court Practice Rule 7.02(B) and, on August 1, 2018, the Supreme Court of Ohio declined to accept jurisdiction of the appeal.[44]

Post-conviction proceedings

On July 21, 2017, while Ercoli's direct appeal was still pending, Ercoli, *pro se*, moved in the trial court to vacate or set aside the judgment of conviction or sentence.[45]As noted earlier, the claims set forth in this motion, and subsequently asserted as Grounds 10 through 18 of the current habeas petition, have now been withdrawn or "conceded" by Ercoli. Further, although an appeal from the trial court's denial of this motion was pending at the time Ercoli filed the petition, that appeal has been decided and all of Ercoli's claims rejected.

Thus, because there is neither an exhaustion issue related to any claims raised in the motion to vacate, nor are there any extant claims for habeas relief arising from that motion, any further treatment of that motion or its claims here would be irrelevant.

**Federal Habeas Petition**

---

[43] *Id*. at 126.

[44] *Id.* at 162.

[45] *Id*. at 163.

On November 27, 2018, Ercoli, *pro se*, timely[46] filed the present petition for habeas relief by placing it in the prison mail system.[47]In that petition, Ercoli asserted eighteen grounds for relief, of which eight are still before this Court after Ercoli "conceded" Ground Seven and Grounds Ten through Eighteen in his Traverse. I here list only those eight claims still pending.

**Ground One** – Petitioner was denied his right to a fair trial, and his right to due process, when the court entered a judgment of conviction that was not supported by sufficient evidence, thus violating his [rights under the] Sixth and Fourteenth Amendment to the United States Constitution.

**Ground Two** – Petitioner was denied his Sixth Amendment right to effective assistance of counsel when the trial court entered a judgment of conviction that was against the manifest weight of the evidence as the State failed to prove the identity of the robber.

**Ground Three** – Petitioner was deprived of his 14th Amendment right to due process and 6th Amendment right to effective assistance of counsel when counsel failed to secure a complete and accurate record of the trial proceedings for appeal.

**Ground Four** – Petitioner was deprived of his right to due process, fair trial and effective assistance of counsel when forged and fabricated evidence was used during trial.

**Ground Five** – Petitioner was deprived of his 6th Amendment right to effective assistance of counsel and right to confront witnesses against him (Confrontation Clause) when the trial judge limited cross-examination of 2 witnesses.

---

[46] Ercoli's direct appeal ended when the Ohio Supreme Court declined to accept jurisdiction on December 6, 2017.
[47] ECF No. 1.

**Ground Six** – Petitioner was denied effective assistance of counsel for failures to argue and preserve violations of the 5th Amendment when allowing the defendant to be a witness against himself.

**Ground Eight** – Petitioner received ineffective assistance of counsel when counsel failed to file an appellate brief that does not violate rules of appellate procedure.

**Ground Nine** – Petitioner's right of self-representation was violated by the 8th district court of appeals when denying counsel's motion to withdraw and appellant's motion to self-represent.[48]

As noted, the State filed a return of the writ, arguing in relevant part that;

Grounds Two (manifest weight) and Nine (self-representation on appeal) should be dismissed as non-cognizable;[49]

Grounds Three through Six and Ground Eight should be dismissed as procedurally defaulted;[50]

Ground One (sufficiency of the evidence) should be denied on the merits after AEDPA review because the decision of the Ohio appeals court on this claim was not an unreasonable application of the clearly established federal law of *Jackson v. Virginia*.[51]

---

[48] *Id*. at 7-11.
[49] ECF No. 11 at 16-20.
[50] *Id*. at 32-34.
[51] *Id*. at 43-48 (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)).

Ercoli filed a traverse.[52]

## Analysis

<u>Preliminary observations</u>

Before proceeding further, I make the following preliminary observations:

1.      There is no dispute that Ercoli is in custody of the State of Ohio as the result of his conviction and sentence by an Ohio court in the matter that is the subject this petition, and that he was so incarcerated at the time he filed this petition, thus vesting this Court with jurisdiction.[53]

2.      There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[54]

3.      In addition, as Ercoli states in his petition,[55] and as my own review of the docket of this Court confirms, this petition is not a second or successive petition for federal habeas relief arising from this conviction and sentence.[56]

---

[52] ECF No. 14.
[53] 28 U.S.C. §2254(a).
[54] 28 U.S.C. §2254(d)(1).
[55] ECF No. 1 at 22.
[56] 28 U.S.C. §2254(b).

4.      Further, as is set forth above, all the claims asserted here have been fully exhausted as a result of having been presented to Ohio courts through one full round of Ohio's established appellate review procedure.

5.      Finally, Ercoli has not sought the appointment of counsel nor an evidentiary hearing.

Recommended adjudications

*Grounds Two and Nine should be dismissed as non-cognizable*

As is well-established, federal habeas law permits a petitioner to challenge his custody "only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States."[57]Thus, federal habeas relief "does not lie for errors of state law"[58]and the federal court is bound by a state court's interpretation of state law.[59]Simply put, a federal habeas court does not function as an additional state appellate court reviewing state court decisions on state law or procedure.[60]

Further, it is not enough to assert that a seeming state law issue is actually a federal constitutional issue. Such errors become cognizable as a federal habeas matter only if they result in a proceeding that was fundamentally unfair and so violate the Due Process clause.[61]

As to Ground Two, which asserts that Ercoli's conviction was against the manifest weight of the evidence, the United States Supreme Court has clearly held that a manifest weight of the

---

[57] 28 U.S.C. §2254(a).
[58] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).
[59] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).
[60] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citation omitted).
[61] *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983).

evidence claim is not cognizable on federal habeas review.[62]To that point, the Sixth Circuit has also held that the Due Process Clause of the United States Constitution does not provide a basis for federal habeas relief to one arguing that his conviction was against the manifest weight of the evidence.[63]

Accordingly, I recommend that Ground Two be dismissed as a non-cognizable state law claim.

Similarly, Ground Nine, which alleges that Ercoli should receive federal habeas relief because he was denied a purported right to represent himself on direct appeal, is likewise non-cognizable. As the United States Supreme Court stated in *Martinez v. Court of Appeal of California, Fourth Appellate District*,[64] while the Sixth Amendment does afford an accused the right to self-representation at trial, that Amendment "does not provide any basis for finding a right to self-representation on appeal."[65]

Therefore, I also recommend that Ground Nine be dismissed as non-cognizable.

*Grounds Three through Six and Ground Eight should be dismissed as procedurally defaulted*

To obtain federal habeas relief, a petitioner must first afford the state courts an opportunity to address and correct any asserted violations of the petitioner's federal rights that occurred in state court.[66]In Ohio, that means a federal habeas petitioner must present his federal constitutional claim both the Ohio appeals court and then to the Supreme Court of Ohio.[67]When a federal constitutional

---

[62] *Tibbs v. Florida*, 457 U.S. 31, 42, 45 (1982).

[63] *Walker*, 703 F.2d at 969.

[64] 528 U.S. 152 (2000).

[65] *Id*. at 160.

[66] *O'Sullivan v. Boerkel*, 526 U.S. 838, 844-45 (1999).

[67] *Allen v. Perini*, 424 F.2d 134, 140 (6th Cir. 1970).

claim was not presented, or not properly presented, to all levels of the state courts and state procedural law makes it clear that the petitioner may not now return to state courts, the petitioner has procedurally defaulted on that claim in the federal habeas court.[68]

Normally, the federal habeas court will consider that a claim has been procedurally defaulted in the state court if the last reasoned state court judgment rejecting consideration of the claim makes a plain statement of such a state procedural default.[69] In addition, a claim is procedurally defaulted when the relevant issue was not properly or timely presented at all to every available level of the state courts.[70]

A procedurally defaulted claim may still be heard by the federal habeas court if the default is excused by a showing of cause for the default and prejudice from the claim not being heard.[71] Cause is established if the petitioner can show that some objective factor external to the defense precluded compliance with the state's procedural rule.[72] Prejudice exists where, but the alleged error, the defendant might not have been convicted,[73] or the error undermined the reliability of the conviction.[74] Both cause and prejudice must be shown in order to excuse a default.[75] In addition, a procedural default may be excused upon a showing of a "fundamental miscarriage of justice,"[76] which means the conviction of one who is actually innocent.[77]

---

[68] *Boerckel,* 526 U.S. at 853-54.

[69] *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

[70] *Boerckel,* 526 U.S. at 848 (citations omitted).

[71] *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992).

[72] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

[73] *Reed v. Ross*, 486 U.S. 1 (1984).

[74] *Smith v. Murray*, 477 U.S. 527, 538-39 (1986).

[75] *Sawyer*, 505 U.S. at 338.

[76] *Coleman*, 501 U.S. at 748.

[77] *Sawyer,* 505 U.S. at 339, n.6.

Here, Ground Three (ineffective assistance of counsel for not obtaining a complete trial record), Ground Four (ineffective assistance of counsel for not raising issue of forged evidence), Ground Five (ineffective assistance of counsel for permitting limitation of cross-examination), Ground Six (ineffective assistance of counsel for allowing Ercoli to be a witness against himself) and Ground Eight (ineffective assistance of counsel for filing an appellate brief not in conformity with the rules), were all included as claims in Ercoli's Rule 26(B) application, as he states in his petition.[78]

In this case, the Ohio appeals court that considered Ercoli's application to re-open his appeal initially noted that an application for re-opening under Ohio App. Rule 26(B) must be accompanied by an affidavit showing (1) the basis for each claim of ineffective assistance and (2) the manner in which the alleged deficiency "prejudicially affected the outcome of the appeal."[79]It then observed that the affidavit submitted by Ercoli, contrary to the requirements of the rule, neither swore to the basis for his claims against appellate counsel nor to the manner in which the alleged deficiencies prejudicially affected the outcome of the appeal.[80]Instead, the court determined, Ercoli's affidavit "broadly asserts that his appellate counsel prejudiced him based on the reasons asserted in his application …."[81]Thus, according to a holding of the Ohio Supreme Court, cited and quoted by the appeals court here, an affidavit that merely swears to the truth of the allegations contained in the application "falls short of [the] particularity required by this rule."[82]

---

[78] ECF No. 1 at 8-10.
[79] ECF No. 11, Attachment at 116.
[80] *Id*.
[81] *Id*.
[82] *Id*. at 116-17 (quoting *State v. Franklin*, 72 Ohio St. 3d 372 (1995)).

Accordingly, the state appeals court here concluded, as it had done before, that "an applicant's failure to articulate the basis for an ineffective assistance of counsel claim in a sworn affidavit as required by App. R. 26(B)(2)(d) is a sufficient basis for denying the application for re-opening."[83]

To that point, the Ohio appeals court made clear that it denied Ercoli's application to re-open the appeal because he failed to comply with Ohio App. R. 26(B)(2)(d). It further enforced that rule by denying the application. As such, this basis for denying the application was an adequate and independent state law basis for the appellate court's decision[84] and so precludes consideration of these claims here, absent a showing of cause and prejudice to excuse the default, or a showing of actual innocence.

In that regard, Ercoli, who filed his Rule 26(B) application *pro se*, has not pointed to any external factor that precluded his compliance with the affidavit specificity requirements of Ohio App. R. 26(B)(2)(d), such as would establish cause for his default, nor has he presented any new, reliable evidence of his actual innocence not presented at trial such as would be necessary to excuse the default on the grounds of actual innocence.[85]

Accordingly, I recommend that Grounds Three, Four, Five, Six and Eight be dismissed as procedurally defaulted, with such defaults remaining unexcused.

*Ground One – sufficiency of the evidence – should be denied after AEDPA review*

---

[83] *Id*. (citations omitted).

[84] *Belcher v. Smith*, 2010 WL 256501, at *6 (N.D. Ohio Jan. 21, 2010) (Ohio App. R. 26(B)(2)(d) is a firmly established and regularly followed state procedural rule sufficient to preclude consideration of a procedurally defaulted claim in that regard by the federal habeas court).

[85] *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

In this ground, Ercoli argues that his specific convictions for improper handling of a firearm in a motor vehicle, and the gun specification attached to his conviction for aggravated robbery, were not supported by sufficient evidence.[86] In particular, he contends that "no evidence or testimony was presented to support a finding of guilt on the 2 counts of improper handling of firearms in M.V." and that, '[r]egarding the gun specifications, no gun was ever recovered from either scene, or from appellant's home after an illegal search during his arrest."[87] He also contends that after the cashier originally testified that the weapon involved was a revolver, she changed her trial testimony after receiving "a strange look" by the prosecutor, agreeing with him that the weapon was an automatic weapon.[88]

Where, as here, the state appellate court identified and analyzed the applicable clearly established federal law, the test to be employed by the reviewing habeas court is whether the state court's application of that law was unreasonable.[89] In order to find that the state court's application of the clearly established federal law was "unreasonable," it must be shown to be more than incorrect or erroneous but must be objectively unreasonable.[90]

This test is acknowledged to be "difficult to meet."[91] It requires that the petitioner show that the state court's ruling was so lacking in justification that it constituted error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement.[92]

---

[86] ECF No. 1 at 7.

[87] *Id.*

[88] *Id.*

[89] *Williams v. Taylor*, 529 U.S. 362, 411 (2000).

[90] Id. at 409.

[91] *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

[92] *Id.* at 103.

As to specific claims of insufficiency of the evidence, the United States Supreme Court in *Jackson v. Virginia* stated that the relevant inquiry by a reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[93]The Supreme Court has further stated that when employing *Jackson* in federal habeas cases the reviewing court must accord two separate levels of deference – first, to the findings of the jury or factfinder and second, to the decision of the state appeals court that upheld the decision of the trial court.[94]

Here, the state appeals court which considered this claim on direct appeal began by noting the applicability of the clearly established federal law of *Jackson*, as that rule was incorporated into Ohio law.[95]

As to the two charges of improper handling of weapons in a motor vehicle, the Ohio appeals court then set out the relevant statute that proscribes transporting or having a loaded firearm in a motor vehicle accessible to the operator, and further makes three-year sentence mandatory when the offender had a firearm on or about his person while committing the offense, brandished the firearm, displayed the firearm, indicated to others that he possessed the firearm or used it to facilitate the offenses.[96]

The court then noted that, under Ohio law, it is not necessary to admit the firearm used in the crime into evidence.[97] "A victim's belief that the weapon is a gun, together with the intent on

---

[93] 443 U.S. 307, 319 (1979).

[94] *Coleman v. Jackson*, 566 U.S. 650, 651 (2012) (*per curiam*).

[95] ECF No. 11, Attachment at 50.

[96] *Id*. (quoting R.C. 2923.16(B)).

[97] *Id*.

the part of the accused to create and exploit that belief for his or her own criminal purposes, is sufficient to prove a firearm specification."[98]

In this case, the Ohio court noted, although no firearm was recovered, both McDonald's cashiers testified that the assailant got out of his car while at the drive-through window and pointed a gun at them.[99]The cashier during the first robbery described the gun pointed at her as black automatic handgun and stated that she knew firearms because her boyfriend worked as an armed security guard and carried a similar firearm.[100]The owner of the second McDonald's, who reviewed security video of the robbery there, testified that he observed the robber getting out of a silver car holding a gun while approaching the drive-thru window.[101]Similarly, the cashier at the second McDonald's also testified the assailant carried a black gun in his left hand and pointed it at her before she ran.[102]

Based on these facts, the Ohio appeals court concluded that "the state provided sufficient evidence to support the convictions for improperly handling firearms in a motor vehicle and for the firearm specifications attendant to the aggravated robbery charges.[103]

On this record and viewing the state court decision through the lens of *Jackson*, then according deference to the relevant findings of the trial jury and to the appeals court, I recommend denying Ground One on the merits.

**Conclusion**

---

[98] *Id*. at 51 (citations omitted).
[99] *Id*. at 52.
[100] *Id*.
[101] *Id*.
[102] *Id*.
[103] *Id*. at 52-53.

For the reasons stated, I recommend that the petition of David D. Ercoli, Jr. for a writ of habeas corpus under 28 U.S.C. §2254 be dismissed in part and denied in part as is more fully set forth above.

IT IS SO RECOMMENDED.

Dated: March 9, 2022                                s/William H. Baughman Jr.

                                                    United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Any party may object to this Report and Recommendation.  To do so, you must serve and file your objections with the Clerk of Court within 14 days after being served with this Report and Recommendation.  If this document is being served on you by mail, service by mail is complete when the document is mailed, not when you receive it.  If you fail to serve and file your objections within this 14-day time period, you forfeit your rights on appeal, absent a showing of good cause for such failure.